IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01901-PAB

TERRY BROWN,

    Plaintiff,

v.

STUART ASSELIN and
RICHARD COLEMAN,

    Defendants,

v.

U.S. LAND PROFESSIONAL, INC.,

    Nominal Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's Verified Complaint [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the

Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the individual defendants' citizenship.

Plaintiff states that, "[o]n information and belief, Mr. Asselin is a citizen of Colorado." Docket No. 1 at 2, ¶ 2. He further alleges that, "[o]n information and belief, Mr. Coleman is a citizen of Colorado." *Id.*, ¶ 3. The Court reads plaintiff's averments on "information and belief" to mean that plaintiff does not have affirmative knowledge of Mr. Asselin's or Mr. Coleman's citizenship. Such unsupported allegations do not confer

subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (finding allegations based on "information and belief" insufficient to confer subject matter jurisdiction).[1]

Because plaintiff's allegations are presently insufficient to allow the Court to determine the citizenship of the individual defendants and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **October 21, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

---

[1] Plaintiff has also named as a nominal defendant U.S. Land Professional, Inc. ("USLP") Docket No. 1 at 1. "The Supreme Court [has] not yet decided whether a corporation in a shareholder derivative suit" must be considered in determining diversity jurisdiction. *Knop v. Mackall*, 645 F.3d 381, 383 (D.C. Cir. 2011). Federal courts appear to be split on the issue. *See Kernaghan v. Franklin*, 2008 WL 4450268, at *1 n.1 (S.D.N.Y. Sept. 29, 2008) (disregarding citizenship of nominal corporate defendant in shareholder derivative lawsuit for purposes of diversity jurisdiction analysis); *see also Racetime Investments, LLC v. Moser*, 2013 WL 987834, at *2 (E.D. Va. Mar. 8, 2013) (stating that, when nominal corporate party is antagonistic to shareholder plaintiff, district courts may realign the parties according to their real interests so that nominal corporate party's citizenship does not destroy diversity jurisdiction). Here, whether or not USLP's citizenship is considered, USLP would not destroy diversity jurisdiction because plaintiff has sufficiently pleaded that he is diverse from USLP. *See* Docket No. 1 at 2, ¶ 1 (stating that plaintiff is a citizen of Wyoming); *see also id.*, ¶ 4 (stating that USLP is incorporated in Florida and has its principal place of business in Denver).

DATED October 7, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge